ARTHUR S. LURIA, Respondent, *v.* CHARLES H. DE WITT, Appellant.

First Department, January 16, 1920.

**Decedent's estate — attorney and client — action against executor by attorney at law to recover on alleged retainer — judgment for plaintiff reversed.**

Where after the accounting of an executor and the distribution of the estate the plaintiff, an attorney at law, claimed to have discovered an asset of the estate which had been considered worthless but had become collectible and submitted a written proposal to the executor to collect the claim for fifty per cent of the proceeds, which proposal was to be submitted to the beneficiaries for their written approval, a judgment against the executor

personally on an alleged retainer after the claim had been collected without the plaintiff's aid will be reversed where there was no written acceptance of the plaintiff's proposal and one of the heirs at law refused to accede to the proposition, it also appearing that the plaintiff never gave any definite information as to the identity of the asset.

APPEAL by the defendant, Charles H. De Witt, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of January, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of January, 1919, denying defendant's motion for a new trial made upon the minutes.

*Hector M. Hitchings* of counsel [*John M. Shedd,* attorney], for the appellant.

*Alfred P. W. Seaman* of counsel [*Gifford, Hobbs & Beard,* attorneys], for the respondent

PER CURIAM:

The defendant was the surviving executor of the estate of John B. Hillyer. The executor had accounted and distributed the estate in 1898. The plaintiff obtained information that an asset of the estate, which had been considered worthless, was of value and proposed to the defendant that he would give him information concerning an asset of the estate which would enable him to realize upon it, in consideration of the defendant's agreeing to give the plaintiff fifty per cent of the recovery. The defendant informed plaintiff that he had no interest in the matter except as executor, but that he would consult with the two heirs at law, to whom the avails would go. Plaintiff thereupon sent to defendant a letter, containing his proposition and further stating, " On your acceptance of the foregoing proposal, I will give you full details concerning the asset, and with your co-operation feel confident it can be collected within the present month. I am sending you four copies of this letter, in order that you may submit one to each of the beneficiaries for their approval, if you so desire, retain one for your own use, and return the fourth copy to me, with an acceptance of the agreement above specified." The defendant said he submitted this proposition to Clarence Hillyer, one

of the heirs at law, who refused absolutely to have anything to do with it. It is conceded that no copy of this letter was signed by anybody and no copy returned to the plaintiff. The identity of the asset was discovered and realized upon without the aid of the plaintiff.

Plaintiff upon the trial has obtained judgment against the defendant individually for fifty per cent thereof. The plaintiff testified that the next day after he sent the letter the defendant came to his office and said: " This proposition is all right and we will accept it, except we won't go on any bond." In this he is corroborated by his stenographer. In our opinion, a verdict resting upon this evidence cannot be sustained. There was to be a written acceptance signed not alone by the defendant but by the heirs at law. Not only was this not done, but one of the heirs at law refused to accede to the proposition. If the defendant thereafter accepted the proposition, he would become personally liable to pay one-half of any sum that would be realized to the heirs at law, without the slightest chance of reimbursement from the estate. It seems improbable that the defendant would thus obligate himself in a matter in which he had no personal interest, when the beneficiaries had refused in advance to consent to any such arrangement. The failure to execute the written contract, and the fact that plaintiff never gave any definite information as to the identity of the asset, strongly corroborate the defense.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — CLARKE, P. J., LAUGHLIN, SMITH, PAGE and PHILBIN, JJ.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.